

Potter
Anderson
& Corroon LLP

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

May 25, 2007

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

> Re:  *Ansell Protective Products Inc. v. Tillotson Corporation,*
> C.A. No. 07-93(JJF); and
> *Ansell Healthcare Products LLC v. Tillotson Corporation*
> C.A. No. 06-527 (JJF)

Dear Judge Farnan:

Pursuant to the Court's May 18, 2007 oral Order, the parties have conferred and are submitting a [Proposed] Rule 16 Scheduling Order that reflects both agreed upon and contested dates. A duplicate copy of this [Proposed] Rule 16 Scheduling Order is enclosed as Exhibit A for the Court's convenience.

In the instant case, Ansell Protective Products Inc. v. Tillotson Corporation, C.A. No. 07-93 ("Ansell II"), the Ansell plaintiffs propose a schedule that mirrors the schedule in the Ansell Healthcare Products LLC v. Tillotson Corporation, C.A. No. 06-527 ("Ansell I") which was filed six months earlier. Instead, in recognition of that delay and the introduction of a new party, Defendant Tillotson proposes a schedule that pushes critical dates back by essentially two months. In fact, Tillotson prefers that the two cases be consolidated and placed on the scheduled proposed herein by Tillotson. We understand that the Ansell plaintiffs would agree to consolidation, but will not agree that it should occur on a schedule that would provide two additional months. At bottom, we believe it is unfair for the Ansell entities to file two separate suits, get a schedule in place for one based on a certain set of facts, and then attempt several months later to shoehorn another case into that same schedule.

**Background**

Ansell filed the first case, Ansell I, on August 25, 2006. After Tillotson's motion to transfer to Georgia was denied, Ansell Healthcare and Tillotson initiated discovery. Tillotson sought Ansell Healthcare's cooperation in identifying and including all nitrile gloves that would be considered in Ansell Healthcare's declaratory judgment claim. Ansell Healthcare instead informed Tillotson that Tillotson would have to locate and identify all such gloves. Tillotson filed a motion to compel. On April 12, 2007, the day before the originally scheduled hearing on

The Honorable Joseph J. Farnan, Jr.
May 25, 2007
Page 2

Tillotson's motion (and after the Court had canceled that hearing), Ansell Healthcare identified six (6) new gloves that are now at issue in <u>Ansell I</u>.

Also as part of discovery in <u>Ansell I</u>, Tillotson produced test results that it asserts demonstrate infringement. Those test results identified a glove that, unbeknownst to Tillotson, was provided or sold by Ansell Protective Products. Accordingly, on February 20, 2007, Ansell Healthcare's sister company, Ansell Protective Products, filed the instant declaratory judgment action. At present, there is only one glove identified in <u>Ansell II</u>. Tillotson has initiated discovery in <u>Ansell II</u> to determine if any other gloves will be at issue in this proceeding.

**Tillotson's Proposed <u>Ansell II</u> Schedule**
**Properly Considers the New Party and Issues**

Ansell Protective Products knows its product line of nitrile gloves. Ansell Protective Products knows of Tillotson's patent and infringement claims, if for no other reason than because its sister company was a party to the Georgia litigation and the declaratory judgment plaintiff in the <u>Ansell I</u> action. Having waited for six months, the Ansell parties now seek to conduct the later filed <u>Ansell II</u> case on the same schedule as the <u>Ansell I</u> case. Of course, the Ansell parties require discovery of only the same party -Tillotson. In contrast, Tillotson is faced with taking discovery from a new Ansell party and addressing the new issues raised thereby. Adopting the <u>Ansell I</u> schedule is therefore of no moment to the Ansell parties but requires Tillotson to address the new party and associated issues on an accelerated timetable.

The schedule proposed by Tillotson is fair to both Ansell Protective Products and Tillotson. Given the Ansell parties' six month delay in bringing the declaratory judgment claim, a schedule that allows Tillotson a two month period to address the new party and issues is reasonable and justified.

**Consolidation**

The ultimate issue in both cases is whether a glove sold or imported by an Ansell company infringes Tillotson's U.S. Patent No. Re. 35,616. Thus, there are (at least) common questions of law. Tillotson therefore favors consolidation of these cases. While the Ansell parties also favor consolidation, they have indicated to Tillotson that they oppose consolidation if it results in any delay to the schedule in the <u>Ansell I</u> action. See Exhibit B hereto. Tillotson respectfully submits that the Ansell parties' position ignores the reality of filing a second action six (6) months after initiating the first.

The Ansell parties could have worked with Tillotson to identify promptly the universe of nitrile gloves at issue. The Ansell parties chose not to do so. Now, they essentially seek to benefit from the delay by asking the Court to conduct the later filed case on the same schedule as the first filed case. Tillotson respectfully submits that such procedural gamesmanship serves no legitimate purpose. Moreover, as the party that chose to bring these actions separately, the

The Honorable Joseph J. Farnan, Jr.
May 25, 2007
Page 3

Ansell parties cannot fairly claim any prejudice would be caused by a short two month extension to a consolidated schedule, as requested by Tillotson.

Tillotson asks the Court to consolidate these cases and conduct them on the schedule proposed by Tillotson for the <u>Ansell II</u> case. Although we believe that the issues are not complex and therefore we have not burdened the Court with voluminous papers, if the Court prefers, Tillotson stands ready to file a formal motion and brief to consolidate. Regardless, Tillotson submits that the schedule is proposes is reasonable and fair for conduct of the instant <u>Ansell II</u> action, either alone or consolidated with <u>Ansell I</u>.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH:nmt/798021/30675
Enclosures
cc:    Clerk of the Court (via hand delivery)
       Thomas B. Kenworthy (via electronic mail)
       Counsel of Record (via electronic mail)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ~~ANSELL PROTECTIVE PRODUCTS INC.,~~ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-93 (JJF) |
| | ) | |
| TILLOTSON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), IT IS ORDERED that:

1.   **Pre-Discovery Disclosures.** The parties shall exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 by June 8, 2007.

2.   **Joinder of other Parties.** All motions to join other parties shall be filed on or before July 24, 2007 [plaintiff's proposal] September 24, 2007 [defendant's proposal].

3.   **Discovery.**

(a)   Exchange and completion of contention interrogatories, identification of fact witnesses, document production, and depositions of all fact witnesses shall be commenced so as to be completed by January 25, 2008 [plaintiff's proposal] March 28, 2008 [defendant's proposal].

(b)   Maximum of 50 interrogatories, including contention interrogatories, for each side.

(c)   Maximum of 80 requests for admissions by each side.

(d)    Maximum of 12 depositions by plaintiff and 12 by defendant, ~~excluding expert depositions. A 30(b)(6) notice will count as a single deposition toward the~~ deposing party's allotment of 12 depositions, regardless of the number of witnesses produced. Depositions shall not commence until <u>August 1, 2007</u> [plaintiff's proposal] <u>October 1, 2007</u> [defendant's proposal].

(e)    Initial reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the defendant on damages and infringement and from the plaintiff on invalidity and unenforceability on <u>February 29, 2008</u> [plaintiff's proposal] <u>April 25, 2008</u> [defendant's proposal]. Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the plaintiff on damages and infringement and from the defendant on invalidity and unenforceability on <u>April 14, 2008</u> [plaintiff's proposal] <u>June 13, 2008</u> [defendant's proposal].

(f)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than forty-five (45) days from receipt of the last expert report, unless otherwise agreed in writing by the parties or ordered by the Court.

4.    **Non-Case Dispositive Motions.**

(a)    Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at <u>www.ded.uscouts.gov</u>.

(b)    At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

2

(c)    Upon filing of the Notice of Motion, a copy of said Notice shall be

~~sent to Chambers by e-mail at:  jjf_civil@ded.uscourts.gov.~~

5.    **Amendment of the Pleadings.**  Absent leave of Court, motions to amend the pleadings shall be filed on or before July 24, 2007 [plaintiff's proposal] September 24, 2007 [defendant's proposal].

6.    **Case Dispositive Motions.**  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before June 20, 2008 [plaintiff's proposal] August 22, 2008 [defendant's proposal].  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **Markman.**  A Markman Hearing will be held on July 28, 2008 [plaintiff's proposal] September 29, 2008 [defendant's proposal] at 10:00 a.m.  After meeting and conferring regarding the identification of disputed claim terms, the parties will exchange a list of disputed claim terms – and proposed constructions regarding those terms – on  June 6, 2008 [plaintiff's proposal] August 6, 2008 [defendant's proposal].  The parties will thereafter meet and confer again in an effort to reach agreement as to the construction of any disputed terms.  Simultaneous opening briefs on any unresolved claim construction issues shall be filed on June 20, 2008 [plaintiff's proposal] August 20, 2008 [defendant's proposal], with any responsive briefing to be simultaneously filed at least ten (10) business days before the hearing.  The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

3

8.      **Applications by Motion.**

(a)      Any applications to the Court shall be by written motion filed with

the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local

Rules of Civil Practice for the United States District Court for the District of Delaware

(Amended Effective January 1, 1995).  Any non-dispositive motion shall contain the statement

required by D. Del. LR 7.1.1.  Parties may file stipulated and unopposed Orders with the Clerk of

the Court for the Court's review and signing.  The Court will not consider applications and

requests submitted by letter or in a form other than a motion.

(b)      No facsimile transmissions will be accepted.

(c)      No telephone calls shall be made to Chambers.

(d)      Any party with a true emergency matter requiring the assistance of

the Court shall e-mail Chambers at:  jjf_civil@ded.uscourts.gov.  The e-mail shall provide a

short statement describing the emergency.

9.      **Pretrial Conference and Trial.**  After reviewing the parties' Proposed

Scheduling Order, the Court will schedule a Pretrial Conference.  The Court will determine

whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial

Conference.  If scheduling of the trial date is deferred until the Pretrial Conference, the parties

and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days

of the Pretrial Conference.

_____          _____
Date                                     United States District Judge

4

# EXHIBIT B

-----Original Message-----
From: tkenworthy@morganlewis.com [mailto:tkenworthy@morganlewis.com]
Sent: Monday, May 21, 2007 3:55 PM
To: Pass, Jason
Cc: dmarston@morganlewis.com; Dorsney, Kenneth L.; McKinney, Kristen;
Quicker, Katrina; Horwitz, Richard L.; Schaetzel, Steve; Askew, Tony
Subject: RE: Ansell Protective Products / Scheduling Order


Jason:

I don't know what basis you have to state that "Ansell appears to be
controlling" the Georgia action, as nothing could be further from the
truth.  The schedule in the Ansell Healthcare Products action has been
established by the Court based on a proposal jointly submitted.  If you
wish to now change that schedule, you will have to do so by motion and
establish good cause.  As we advised you last Thursday, we are not
agreeable to any proposal that will extend the trial date of the Ansell
Healthcare Products case.  Because of the potential for a consolidation,
we are going to propose a schedule in the Ansell Protective Products
case that tracks that of the Ansell Healthcare Products case with the
exception of the date for initial disclosures.  We can submit a joint
document for the Court that contains each side's proposals on the points
where there is disagreement, and allow for a provision at the end for
each side to make arguments in support of it's position.

Tom

Thomas B. Kenworthy
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5702
(215) 963-5001 (fax)



        "Pass, Jason"

1

<JPass@KSLAW.com>

To
    05/21/2007 03:29      tkenworthy@morganlewis.com

    PM

CC

"Dorsney,
dmarston@morganlewis.com,

Kenneth L."

<kdorsney@Potteranderson.com>,

"McKinney, Kristen"

<KMcKinney@KSLAW.com>, "Quicker,

Katrina" <KQuicker@KSLAW.com>,

"Horwitz, Richard L."

<rhorwitz@Potteranderson.com>,

"Schaetzel, Steve"

<SSchaetzel@KSLAW.com>, "Askew,

Tony" <TAskew@KSLAW.com>

Subject
RE: Ansell Protective Products /

Scheduling Order

Tom,

Tillotson cannot and does not agree.  First, your proposal is remarkably

one sided.  Second, your proposal essentially asks Tillotson to waive any arguments that would support desirable consistency between the two proceedings.  And in any event, the Georgia action---which Ansell appears to be controlling---is already ahead of the Ansell Healthcare action in Delaware.  Extending the dates by 60 days in Ansell Healthcare would thus have no meaningful effect on the Delaware action.

Regards-
Jason

-----Original Message-----
From: tkenworthy@morganlewis.com [mailto:tkenworthy@morganlewis.com]
Sent: Monday, May 21, 2007 9:10 AM
To: Pass, Jason
Cc: dmarston@morganlewis.com; Dorsney, Kenneth L.; McKinney, Kristen; Quicker, Katrina; Horwitz, Richard L.; Schaetzel, Steve; Askew, Tony
Subject: Re: Ansell Protective Products / Scheduling Order

Jason:

Will Tillotson agree that it will not argue in the Delaware litigation that any adjudication or ruling that may be entered in its favor in the Northern District of Georgia litigation between Tillotson and Darby is binding on Ansell Healthcare Products LLC by reason of res judicata, collateral estoppel or any other theory of claim or issue preclusion?

Tom

Thomas B. Kenworthy
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5702
(215) 963-5001 (fax)


                    "Pass, Jason"

                    <JPass@KSLAW.com>


    To
                    05/18/2007 06:16              tkenworthy@morganlewis.com

                    PM
    cc
                                                  dmarston@morganlewis.com,

"Schaetzel, Steve"

<SSchaetzel@KSLAW.com>, "Askew,

Tony" <TAskew@KSLAW.com>,

"Quicker,

Katrina" <KQuicker@KSLAW.com>,

"Horwitz, Richard L."

<rhorwitz@Potteranderson.com>,

"Dorsney, Kenneth L."

<kdorsney@Potteranderson.com>,

"McKinney, Kristen"

<KMcKinney@KSLAW.com>

Subject

Ansell Protective Products /

Scheduling Order

Tom,

      As promised, we provide a draft amended scheduling order.  Upon
review, you will see that we continue to favor consolidation of the two
cases with essentially a 60 day extension of time (to the schedule in
the Ansell Healthcare case) to complete all matters.

      Please note that we have amended our previous draft to
accommodate issues raised in our telephone conference of May 17, 2007.
We have addressed the number of interrogatories, document requests, etc.
We have also added language that will require all parties to conduct

4

discovery
efficiently, avoiding duplication.  As to the extension, we understand
that you were not in favor.  However, given that Ansell Healthcare has
just identified an additional seven gloves, and in view of the necessary
additional discovery that arises as a result of the Ansell Protective
Products suit (filed six months after the Ansell Healthcare action), we
continue to believe that a two month extension is reasonable.

        In view of the Court's cancellation of the May 25 hearing, we
ask you to reconsider your objection in light of the attached proposal.
If the Ansell parties can agree to this proposal, then we can submit a
joint schedule to the court.  If the Ansell parties are willing to
propose modifications, we would like to receive them by Tuesday, May 22,
so that we can get back to you well before Friday, May 25.  If the
Ansell parties simply cannot agree to this schedule or determine that it
is not worth
proposing modifications, please let us know by May 22.   In that last
event, we propose that the parties submit respective proposals to the
court by letter on May 25 and let the Court decide.

        We look forward to hearing from you.

Regards-
Jason

Jason M. Pass, Ph.D.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Direct Dial:  404-572-2559
Fax:  404-572-5135
JPass@KSlaw.com

<<ANSELL _ 1st Amended Rule 16 Scheduling Order.DOC>>

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended
exclusively for the individual or entity to which it is addressed. This
communication may contain information that is proprietary, privileged or
confidential or otherwise legally exempt from disclosure. If you are not
the named addressee, you are not authorized to read, print, retain, copy
or disseminate this message or any part of it. If you have received this
message in error, please notify the sender immediately by e-mail and
delete all copies of the message.[attachment "ANSELL _ 1st Amended Rule
16 Scheduling Order.DOC" deleted by Thomas B. Kenworthy/PH/MLBLaw]

DISCLAIMER
This e-mail message is intended only for the personal use of the
recipient(s) named above. This message may be an attorney-client
communication and as such privileged and confidential.  If you are not
an intended recipient, you may not review, copy or distribute this
message. If you have received this communication in error, please notify
us immediately by e-mail and delete the original message.



                        Confidentiality Notice This message is being sent by
or on behalf of a lawyer.  It is intended exclusively for the individual
or entity to which it is addressed.  This communication may contain
information that is proprietary, privileged or confidential or otherwise
legally exempt from disclosure.  If you are not the named addressee, you
are not authorized to read, print, retain, copy or disseminate this
message or any part of it.  If you have received this message in error,
please notify the sender immediately by e-mail and delete all copies of
the message.



DISCLAIMER
This e-mail message is intended only for the personal use of the
recipient(s) named above. This message may be an attorney-client
communication and as such privileged and confidential.  If you are not
an intended recipient, you may not review, copy or distribute this
message. If you have received this communication in error, please notify
us immediately by e-mail and delete the original message.



                    Confidentiality Notice
This message is being sent by or on behalf of a lawyer.  It is intended
exclusively for the individual or entity to which it is addressed.  This
communication may contain information that is proprietary, privileged or
confidential or otherwise legally exempt from disclosure.  If you are not
the named addressee, you are not authorized to read, print, retain, copy or
disseminate this message or any part of it.  If you have received this
message in error, please notify the sender immediately by e-mail and delete
all copies of the message.