# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

May 25, 2007

The Honorable Joseph J. Farnan, Jr.  *BY ELECTRONIC FILING*
United States District Court
   For the District of Delaware
844 King Street
Wilmington, DE  19801

    Re:   *Ansell Protective Products Inc. v. Tillotson Corporation*
          C. A. No. 07-93 (JJF)

Dear Judge Farnan:

      Pursuant to the Court's May 18, 2007 Order, we submit herewith (Ex. A) a proposed Rule 16 Scheduling Order that has been jointly prepared by the parties and reflects each side's positions on provisions as to which there is no agreement (*see* paragraphs 2, 3(a), 3(d), 3(e), 6 and 7). On behalf of plaintiff Ansell Protective Products Inc. ("Ansell Protective"), we respectfully submit the following reasons why we believe the Court should adopt Ansell Protective's proposed dates.

**Background**

      On August 25, 2007, a declaratory judgment proceeding was initiated before this Court by Ansell Healthcare Products LLC ("Ansell Healthcare") against Tillotson Corporation ("Tillotson") as a result of Tillotson's charges that Ansell's MicroTouch nitrile examination gloves infringed Tillotson's '616 patent. That action is Civil Action No. 06-527 (JJF). During discovery in Civil Action No. 06-527 (JJF), Tillotson amended its interrogatory responses to identify "Touch N Tuff" and "TNT" gloves as additional gloves that were accused of infringing the '616 patent.

      Touch N Tuff and TNT gloves are not sold by Ansell Healthcare, but rather by its "sister" corporation, Ansell Protective. Accordingly, on February 20, 2007, Ansell Protective filed this action and provided a copy of the Complaint to Tillotson's counsel.

The Honorable Joseph J. Farnan, Jr.
May 25, 2007
Page 2

**The Schedule Proposed By Ansell Protective Is Consistent With**
**The Schedule That Tillotson Has Previously Agreed Was Adequate**

In Civil Action No. 06-527 (JJF), the parties agreed upon a pretrial schedule, which they submitted to the Court on November 2, 2006 (D.I. 27). In late February 2007, after denying Tillotson's motion to transfer, the Court contacted the parties to ascertain whether that proposed schedule was still satisfactory. Tillotson advised that the schedule was still acceptable to Tillotson. Ansell Healthcare requested that the dates be extended by six months because of Tillotson's failure to produce documents which Ansell had requested in October 2006. The schedule that Ansell Protective is proposing in this case is fully consistent with the schedule that Tillotson agreed to in the Ansell Healthcare case.

Other than pointing to the fact that this action was filed six months after Civil Action No. 06-527 (JJF), Tillotson has not suggested why the deadlines proposed by Ansell are not more than adequate, particularly given that (1) those dates are *six months longer* than the schedule Tillotson believed to be adequate when it thought discovery relating to Ansell Protective's Touch N Tuff and TNT gloves was going to be taken in Civil Action No. 06-527 (JJF); (2) Ansell Protective agreed that discovery could be served in this action as soon as Tillotson served its answer, which Tillotson served on March 26, 2007; and (3) Tillotson waited until May 18, 2007 to serve its first discovery on Ansell Protective, and even then has served but one interrogatory. This hardly suggests that a fact discovery cut-off of January 25, 2008 is unreasonable.

**The Schedule Proposed By Ansell Protective Will Permit**
**Consolidation Or Coordination With Civil Action No.**
**06-527 (JJF) Without Extending The Schedule In That Case**

The schedule proposed by Ansell Protective in this case provides the identical amount of time for discovery and other scheduled events that Tillotson has indicated was sufficient for its needs in the original litigation with Ansell Healthcare. Having lost in its effort to have that case transferred to the Northern District of Georgia, Tillotson is now seeking to achieve the same result through the "back door." It is trying to have the trial of the claims against Darby Dental in Georgia held *before* trial takes place in its litigation with Ansell Healthcare in this Court. Tillotson has also made clear that if it obtains a judgment in its favor in the Georgia case against Darby Dental, it will argue that Ansell Healthcare is bound by that judgment by reason of either *res judicata* or collateral estoppel principles even though Ansell Healthcare will not be a party to that proceeding, nor will it directly or indirectly control Darby Dental's defense of that proceeding. Such gamesmanship should not be countenanced.

Adopting the dates proposed by Ansell Protective, which are the same as those in the schedule in the Ansell Healthcare/Tillotson case, will not only permit more than adequate

The Honorable Joseph J. Farnan, Jr.
May 25, 2007
Page 3

time for discovery in the Ansell Protective/Tillotson litigation, but will permit consolidation or coordination of the two cases without extending the agreed-upon schedule.

                                            Respectfully,

                                            */s/ Jack B. Blumenfeld*

                                            Jack B. Blumenfeld (#1014)

JBB/dlb
Enclosure
cc:    Clerk of Court (By Hand Delivery; w/ encl.)
       Richard L. Horwitz, Esquire (By Hand Delivery; w/ encl.)
       Stephen M. Schaetzel, Esquire (By Electronic and First Class Mail; w/ encl.)
       Thomas B. Kenworthy, Esquire (By Electronic and First Class Mail; w/ encl.)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANSELL PROTECTIVE PRODUCTS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-93 (JJF) |
| | ) | |
| TILLOTSON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties shall exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 by June 8, 2007.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before July 24, 2007 [plaintiff's proposal] September 24, 2007 [defendant's proposal].

3. **Discovery.**

    (a) Exchange and completion of contention interrogatories, identification of fact witnesses, document production, and depositions of all fact witnesses shall be commenced so as to be completed by January 25, 2008 [plaintiff's proposal] March 28, 2008 [defendant's proposal].

    (b) Maximum of 50 interrogatories, including contention interrogatories, for each side.

    (c) Maximum of 80 requests for admissions by each side.

(d) Maximum of 12 depositions by plaintiff and 12 by defendant, excluding expert depositions. A 30(b)(6) notice will count as a single deposition toward the deposing party's allotment of 12 depositions, regardless of the number of witnesses produced. Depositions shall not commence until <u>August 1, 2007</u> [plaintiff's proposal] <u>October 1, 2007</u> [defendant's proposal].

(e) Initial reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the defendant on damages and infringement and from the plaintiff on invalidity and unenforceability on <u>February 29, 2008</u> [plaintiff's proposal] <u>April 25, 2008</u> [defendant's proposal]. Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the plaintiff on damages and infringement and from the defendant on invalidity and unenforceability on <u>April 14, 2008</u> [plaintiff's proposal] <u>June 13, 2008</u> [defendant's proposal].

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than forty-five (45) days from receipt of the last expert report, unless otherwise agreed in writing by the parties or ordered by the Court.

4. **Non-Case Dispositive Motions.**

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscouts.gov.

(b) At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

2

(c) Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

5. **Amendment of the Pleadings.** Absent leave of Court, motions to amend the pleadings shall be filed on or before July 24, 2007 [plaintiff's proposal] September 24, 2007 [defendant's proposal].

6. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before June 20, 2008 [plaintiff's proposal] August 22, 2008 [defendant's proposal]. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7. **Markman.** A Markman Hearing will be held on July 28, 2008 [plaintiff's proposal] September 29, 2008 [defendant's proposal] at 10:00 a.m. After meeting and conferring regarding the identification of disputed claim terms, the parties will exchange a list of disputed claim terms – and proposed constructions regarding those terms – on June 6, 2008 [plaintiff's proposal] August 6, 2008 [defendant's proposal]. The parties will thereafter meet and confer again in an effort to reach agreement as to the construction of any disputed terms. Simultaneous opening briefs on any unresolved claim construction issues shall be filed on June 20, 2008 [plaintiff's proposal] August 20, 2008 [defendant's proposal], with any responsive briefing to be simultaneously filed at least ten (10) business days before the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9. **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference. The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____       _____
Date                             United States District Judge