IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TILLOTSON CORPORATION, ) <br> ) <br> Defendant. ) | C.A. No. 06-527 (JJF) |
| ANSELL PROTECTIVE PRODUCTS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TILLOTSON CORPORATION, ) <br> ) <br> Defendant. ) | C.A. No. 07-93 (JJF) |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
TILLOTSON'S MOTION TO STAY PROCEEDINGS PENDING THE
<u>OUTCOME OF THE INTERNATIONAL TRADE COMMISSION'S INVESTIGATION</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@mnat.com
(320) 658-9200
*Attorneys for Plaintiffs*
*Ansell Healthcare Products LLC and*
*Ansell Protective Products Inc.*

*Of Counsel*:
Thomas B. Kenworthy
David W. Marston, Jr.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000

July 26, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

SUMMARY OF ARGUMENT ............................................................................................2

STATEMENT OF PERTINENT FACTS ............................................................................2

ARGUMENT ........................................................................................................................3

    A.    Tillotson Has Repeatedly Conjured Up Ways To Try To Avoid An Adjudication By This Court ........................................................................3

    B.    Until Ansell Brought The Issues Of The Noninfringement, Invalidity And Unenforceability Of The '616 Patent Before This Court, Tillotson Had No Concerns For Either Judicial Economy Or A Comprehensive Resolution Of Its Claims In One Proceeding ........................................................4

    C.    A Stay Of This Action Would Seriously Prejudice Ansell Healthcare And Ansell Protective Products ........................................................5

        (1) A stay would prejudice plaintiffs' ability to obtain a prompt summary judgment ruling by an Article III Court that would be binding on the ITC ........................................................5

        (2) A stay would require duplicative depositions .............................................7

    D.    Staying This Action Would Not Simplify The Issues Between The Parties And Before This Court ........................................................8

    E.    Tillotson's Reliance On Cases Addressing Which Of Two District Courts Should Take Priority Has No Bearing On The Issue Of Whether A District Court Action Should Be Stayed In Favor Of An Administrative Adjudicatory Proceeding ........................................................9

    F.    The Two District Cases Cited By Tillotson Are Distinguishable And Not Persuasive ........................................................9

    G.    Granting A Stay Would Be Wholly Inconsistent With Congressional Intent In Enacting 28 U.S.C. § 1659 ........................................................10

CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Flexsys Americas, LP v. Kumho Tire, U.S.A. Inc.*,
  No. 5:05 CV 156, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005) ................................ 9-10

*Hester Indus., Inc. v. Stein, Inc.*,
  142 F.3d 1472 (Fed. Cir. 1998) ............................................................................................6

*Hockerson-Halberstadt, Inc. v. Converse Inc.*,
  183 F.3d 1369 (Fed. Cir. 1999) ............................................................................................6

*Iljin USA v. NIN Corp.*,
  No. 06-10145, 2006 WL 568351 (E. D. Mich. Mar. 7, 2006) ........................................ 9-10

*Nupla Corp. v. IXL Mfg. Co., Inc.*,
  114 F.3d 191 (Fed. Cir. 1997) ..............................................................................................7

*Pannu v. Storz Instruments, Inc.*,
  258 F.3d 1366 (Fed. Cir. 2001) ............................................................................................6

*Pegasus Development Corp. v. DirecTV, Inc.*,
  No. C. A. 00-1020-GMS, 2003 WL 21105073 (D. Del. May 14, 2003) .............................9

*Texas Instruments, Inc. v. Cypress Semiconductor Corp.*,
  90 F.3d 1558 (Fed.Cir. 1996) ...............................................................................................8

*Tillotson, Ltd. v. Walbro Corp.*,
  831 F.2d 1033 (Fed.Cir. 1987) .............................................................................................6

*Vectra Fitness, Inc. v. TNWK Corp.*,
  162 F.3d 1379 (Fed. Cir. 1998) ............................................................................................6

*Young Engineers, Inc. v. U.S. Int'l Trade Comm'n*,
  721 F.2d 1305 (Fed. Cir. 1983) ........................................................................................ 8-9

**STATUTES**

28 U.S.C. § 1659 ................................................................................................................... 9-11

35 U.S.C. § 251 .........................................................................................................................5

**OTHER AUTHORITIES**

H. R. Rep. No. 103-826(I) (1994) *reprinted in* 1994 U.S.C.C.A.N. 3773 ..............................11

**RULES**

Fed. R. Civ. P. 1 .......................................................................................................................12

## NATURE AND STAGE OF THE PROCEEDINGS

These are declaratory judgment actions filed respectively by Ansell Healthcare Products LLC ("Ansell Healthcare") and Ansell Protective Products Inc. ("Ansell Protective Products"), U.S.-based suppliers of nitrile gloves, against Tillotson Corporation ("Tillotson"), the record owner of U.S. Patent No. Re. 35,616 ("the '616 patent"), seeking declarations that certain gloves that Tillotson had accused of infringing did not infringe any valid and enforceable claim of the '616 patent. The first action was filed on August 25, 2006 and discovery has been ongoing in that action since October of 2006. Ansell Heathcare has served three sets of interrogatories and one set of requests for production of documents and things. [*See* C.A. 06-527-JJF, D.I. 21; 48; 62]. Ansell Protective Products has served three sets of interrogatories, one set of requests for production of documents and things and one set of requests for admission. [*See* C.A. 07-93-JJF, D.I. 10; 11; 18; 19; 20]. In the two actions, Tillotson has served four sets of interrogatories, one set of requests for production of documents and things, and one set of requests for admission. [*See* C.A. 06-527-JJF, D.I. 34; 40; 68; 71; C.A. 07-93-JJF, D.I. 9]. The Court has heard and ruled on three discovery motions. [*See* C.A. 06-527-JJF, D.I. 44; 64; 66]. This is the third motion that has addressed efforts by Tillotson to have the dispute decided in another forum and to avoid a ruling on the merits by this Court. [*See id.*, D.I. 10; 75; 90].

Although a specific trial date has not been set, by Order dated July 13, 2007, the Court has directed that trial in the Ansell Healthcare case will commence in the 120-day period between September 4, 2008 and January 2, 2009 and that counsel should make themselves available for trial during that period. [*See id.*, D.I. 92].

1

## SUMMARY OF ARGUMENT

Even though Ansell Healthcare's case has been pending for 11 months, and is before an Article III Court, Tillotson argues that this Court should stay its cases in favor of an administrative adjudicatory body – the ITC. No issues would be narrowed if a stay were granted because any ruling by the ITC will have no binding effect on either this Court or the parties. Moreover, the grant of a stay would substantially prejudice Ansell Healthcare and Ansell Protective Products, particularly insofar as it would delay the determination of a discrete motion for summary judgment of invalidity that involves no issues of fact and that is ripe for decision now. Such a determination by this Court would be binding on Tillotson in the ITC.

Tillotson's motion for stay should be denied and Ansell Healthcare and Ansell Protective Products should be granted leave to file at this point in the proceedings a motion for summary judgment of invalidity on the grounds set forth herein.[1]

## STATEMENT OF PERTINENT FACTS

The pertinent facts are set forth in the Nature and Stage of the Proceedings section and in the Argument section in the context of the points to which they relate.

---

[1] To the extent the Court feels that this request should be by a separate formal motion, Ansell Healthcare and Ansell Protective Products will do so promptly.

2

## ARGUMENT

### A.   Tillotson Has Repeatedly Conjured Up Ways To Try To Avoid An Adjudication By This Court

Tillotson has repeatedly conjured up ways to have the dispute between the Ansell parties and Tillotson first raised in this Court decided by some other tribunal and to avoid an adjudication of the merits by this Court:

- **Motion To Transfer** - Tillotson's first effort to avoid a ruling by this Court was its motion to transfer the Ansell Healthcare case to Georgia. That was a legitimate motion, albeit lacking in merit, and this Court denied it on February 2, 2007. [*See* C.A. 06-527-JJF, D.I. 10; 44].

- **Suit Against Additional Entities In Georgia** - Tillotson next tried to accomplish indirectly what this Court had denied when done directly – on May 30, 2007, it filed suit in Georgia against a host of Ansell entities, including a company that had been merged into Ansell Healthcare. In the face of a motion to enjoin pursuit of those claims against the Ansell entities and for sanctions, Tillotson withdrew all claims against Ansell entities in the new Georgia action. [*See id.*, D.I. 88].

- **Motion To Stay Or Transfer These Proceedings In Favor Of New Georgia Action** - On June 21, 2007, Tillotson's counsel stated that Tillotson was "considering asking the Delaware court to either stay or transfer the AHP [Ansell Healthcare] and the Ansell Protective Products cases to Georgia in favor of the Georgia case . . . ." [*See* Declaration of Thomas B. Kenworthy filed contemporaneously herewith ("Kenworthy Decl."), ¶ 2 and Ex. A].

3

- **Motion To Stay These Proceedings Pending Adjudication In The ITC** - On July 12, 2007, Tillotson filed this motion to stay the proceedings in this Court pending an adjudication in the ITC.

**B.    Until Ansell Brought The Issues Of The Noninfringement, Invalidity And Unenforceability Of The '616 Patent Before This Court, Tillotson Had No Concerns For Either Judicial Economy Or A Comprehensive Resolution Of Its Claims In One Proceeding**

Over 9 months *after* Ansell Healthcare brought this declaratory judgment action to obtain a judicial resolution of Tillotson's charge that the Micro-Touch nitrile glove infringed the '616 patent, Tillotson filed a complaint in the ITC. A month and a half later, Tillotson has filed a motion to stay this judicial proceeding pending a resolution of the recently-filed administrative proceeding in which Tillotson did not name either Ansell Healthcare or Ansell Protective Products as a respondent.[2/] In support of this motion for a stay, Tillotson now touts the purported benefits of a comprehensive disposition against all pertinent parties and the conservation of judicial resources. These new-found "positions" are the antithesis of Tillotson's actual conduct prior to the bringing of declaratory judgment actions in this Court by Ansell Healthcare and Ansell Protective Products. Indeed, over an 8-year period, Tillotson has filed at least 18 separate actions alleging infringement of the '616 patent, none of which it has sought to consolidate for any purpose. Given this course of conduct whereby Tillotson and various opposing parties were simultaneously addressing the same issues of infringement, invalidity and

---

[2/]    Tillotson makes the statement in its brief, unsupported by any declaration, that "Tillotson is in the process of seeking to amend its ITC Complaint to include Ansell HC [Ansell Healthcare] and Ansell PP [Ansell Protective Products] as respondents." [Tillotson Br. at 2]. A review of the ITC docket as of July 26, 2007, however, reflects no effort on the part of Tillotson to amend its ITC Complaint to include either Ansell Healthcare or Ansell Protective Products as respondents. [*See* Kenworthy Decl., ¶ 3 and Ex.B].

4

enforceability in three or more proceedings at the same time, Tillotson's objection – when it is outside its favored forum – to proceeding in two fora at the same time rings hollow. That is particularly so, given that it was Tillotson that brought the second proceeding on itself over 9 months after this suit had begun.

      **C.    A Stay Of This Action Would Seriously Prejudice Ansell Healthcare And Ansell Protective Products**

            **(1)    A stay would prejudice plaintiffs' ability to obtain a prompt summary judgment ruling by an Article III Court that would be binding on the ITC.**

Ansell Healthcare and Ansell Protective Products initiated these declaratory judgment actions because of Tillotson's accusations against them (but failure to sue), and to seek a judgment by an Article III Court to remove the cloud in the marketplace posed by Tillotson's unfounded accusations of the infringement of an invalid and unenforceable patent. The stay now requested by Tillotson would undercut that objective and seriously prejudice Ansell Healthcare and Ansell Protective Products.

Before Tillotson filed its motion for a stay, it was aware that Ansell Healthcare and Ansell Protective Products intended to ask this Court for leave to file now a motion for summary judgment of the invalidity of the '616 patent. [*See* Kenworthy Decl., ¶ 4]. As shown below, the two grounds for that motion are straightforward, involve no disputed issues of fact, and are legally unassailable:

            **(a)    Invalidity because of a broadening of the claims during reissue after more than two (2) years.**

- A patentee may not broaden the scope of the claims of the original patent in a reissue patent unless the patentee applies for the reissue within two years from the date the original patent was granted. 35 U.S.C. § 251.

5

- Whether amendments made during reissue or reexamination proceedings enlarge the scope of a claim is a matter of claim construction and thus purely a question of law for the Court. *See Hockerson-Halberstadt, Inc. v. Converse Inc.*, 183 F.3d 1369, 1373 (Fed. Cir. 1999).

- "A claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent." *Tillotson, Ltd. v. Walbro Corp.*, 831 F.2d 1033, 1037 n.2 (Fed.Cir. 1987).

- "A reissue claim that is broader in any respect is considered to be broader than the original claims even though it may be narrower in other respects." *Id.*

- The original claims of the '362 patent were limited by the requirement that the glove "initially exert[] **a predetermined** pressure on the hand." (Emphasis added).

- During reissue, the term "predetermined" was replaced with the term "initial."

- All gloves that exert any pressure on the hand at all will exert an initial pressure on the hand after being stretched to fit about the hand.

- The effect of the reissue amendment was to eliminate the "predetermined" limitation altogether. There clearly are gloves that would have an **initial** pressure on the hand and thus potentially within the scope of the reissue claims, that would not have a **predetermined** pressure and would have been outside the scope of the original claims. A reissue claim that does not include a limitation in the original claim is broader than the original claim. *Pannu v. Storz Instruments, Inc.*, 258 F.3d 1366, 1371 (Fed. Cir. 2001) quoting *Hester Indus., Inc. v. Stein, Inc.*, 142 F.3d 1472, 1480 (Fed. Cir. 1998).

- The broadening of the claims during reissue after two years renders the broadened claims of the '616 patent invalid. *See Vectra Fitness, Inc. v. TNWK Corp.*, 162 F.3d 1379, 1380-81, 1384-85 (Fed. Cir. 1998).

6

### (b) The reissue declaration is defective so as to invalidate the claims.

- The reissue regulations require a declaration identifying each error sought to be corrected and explaining how each such error arose or occurred, and that it was without deceptive intent. *See Nupla Corp. v. IXL Mfg. Co., Inc.*, 114 F.3d 191, 195 (Fed. Cir. 1997).

- Neither the original nor supplemental reissue declaration submitted by Tillotson during the reissue proceedings that led to the '616 patent identified the original use of the term "predetermined" as an error, explained how it arose or occurred, or stated that it arose without deceptive intent.

- All the reissue claims contain the limitation of "an initial pressure" in lieu of the original "a predetermined pressure."

- The inadequacy of the reissue declaration renders all of these claims invalid. *See Nupla*, 114 F.3d at 195.

### (2) A stay would require duplicative depositions.

Whereas the denial of a stay would not cause any duplicative depositions at all,[3/] staying this case would because there would be a need to redepose persons who had knowledge relevant to issues before this Court but not the ITC, *i.e.*, a myriad of damages-related issues. Moreover, if depositions involving confidential subjects were taken only in the ITC proceeding, the Protective Order in the ITC would preclude the use of the depositions in this Court. [*See* Kenworthy Decl., ¶ 5 and Ex. C].

---

[3/] All depositions could be double captioned and the use of the depositions would be governed as to each tribunal by its rules and protective order. The depositions would thus cover all matters reasonably calculated to lead to the discovery of admissible evidence in *either* proceeding.

### D.   Staying This Action Would Not Simplify The Issues Between The Parties And Before This Court

Tillotson **argues** that "staying the instant action will greatly simplify the issues between the parties and before the Court." [Tillotson Br. at 11]. Nowhere, however, does Tillotson **explain how** the issues would be simplified. It is an established principle that no ruling in the ITC on even common issues such as claim construction, infringement, validity and enforceability will have any *res judicata* or collateral estoppel effect in this Court. *See Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1568 (Fed.Cir. 1996). Tillotson has also declined to agree to be bound in this Court by any determination of noninfringement, invalidity or unenforceability in the ITC. [*See* Kenworthy Decl., ¶ 6]. Thus, if a stay were granted, the issues would not be narrowed at all.

On the other hand, however, if this Court grants summary judgment in favor of Ansell Healthcare and Ansell Protective Products and finds the '616 patent to be invalid, this Court's ruling will be binding on Tillotson in the ITC, and in every other District Court in which it is attempting to enforce this invalid patent. *See Young Engineers, Inc. v. U.S. Int'l Trade Comm'n*, 721 F.2d 1305, 1315-16 (Fed. Cir. 1983). Thus, to the extent that considerations of efficiency and judicial economy come into play, they clearly weigh in favor of denying the requested stay. As the Federal Circuit aptly noted in *Young Engineers*, "the evils of vexatious litigation and waste of resources are no less serious because the second proceeding is before an administrative tribunal." *Id.* at 1315.

      E.      **Tillotson's Reliance On Cases Addressing Which Of Two District Courts Should Take Priority Has No Bearing On The Issue Of Whether A District Court Action Should Be Stayed In Favor Of An Administrative Adjudicatory Proceeding**

Tillotson's first argument based on the priority between a first-filed **District Court** action and a second-filed **District Court** action [Tillotson Br. at 8-11] has no applicability here at all. In the circumstances addressed in that section of Tillotson's brief, an adjudication of the common issues by one court will be binding on the parties in the second court under principles of claim preclusion or issue preclusion. *See Young Engineers*, 721 F.2d at 1316. As shown above, that is not so in a patent case where one of the two fora is an administrative adjudicatory tribunal. Equally inapplicable are cases involving stays pending reexamination. In a reexamination proceeding, the PTO can materially affect the issues by having the subject claims found unpatentable or narrowed in scope by amendment. *See e.g., Pegasus Development Corp. v. DirecTV, Inc.*, No. C. A. 00-1020-GMS, 2003 WL 21105073 (D. Del. May 14, 2003).

      F.      **The Two District Cases Cited By Tillotson Are Distinguishable And Not Persuasive**

Tillotson relies on two cases addressing stays of District Court cases pending a determination by the ITC: *Iljin USA v. NIN Corp.*, No. 06-10145, 2006 WL 568351 (E. D. Mich. Mar. 7, 2006) and *Flexsys Americas, LP v. Kumho Tire, U.S.A. Inc.*, No. 5:05 CV 156, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005). Both of these cases are distinguishable from the circumstances presented here and neither are persuasive authority for this case.

The *Flexsys* case involved a motion by ITC respondents and related companies who were also defendants in a District Court proceeding that involved allegations of infringement of four patents, three of which were also the subject of the ITC proceeding. Thus, under 28 U.S.C. § 1659, three of the movants were absolutely entitled to a stay of the District

9

Court action as to three of the four patents. The fourth patent was a member of the same family. The reasons that the *Flexsys* Court stayed the entire litigation after the core of the case was required to be stayed provide no support whatsoever for a stay in this case where no part of it is required to be stayed at Tillotson's request.

In *Iljin*, the District Court action was filed over 2 ½ months after the filing of the ITC complaint and only five months before the ITC hearing was to be held. The party that filed the **later** District Court action opposed the stay. Here, the litigation in this Court began over 10 months before the ITC investigation was instituted and the party opposing the stay filed the **earlier** District Court proceeding. Aside from this significant factual distinction, it also appears that the *Iljin* Court was influenced by the view that "the ITC is more experienced in deciding patent disputes that the district court." 2006 WL 568351 at *2. With all due respect to the experience Administrative Law Judge Bullock has obtained in patent litigation since being appointed as an Administrative Law Judge in the ITC in 2003,[4/] surely Tillotson is not suggesting that he has more experience in deciding patent cases than this Court.

Finally, the *Iljin* Court did not appear to appreciate that an ITC decision will have no *res judicata* or collateral estoppel effect. Thus, its belief that if the ITC investigation proceeded first, it would narrow the issues, was not well-grounded.

### G. Granting A Stay Would Be Wholly Inconsistent With Congressional Intent In Enacting 28 U.S.C. § 1659

Contrary to Tillotson's suggestion, Congress did not express any view that there were inherent benefits in staying a District Court action pending the resolution of parallel proceedings before the ITC. Neither the language of 28 U.S.C. § 1659 nor the Legislative

---

[4/]  Prior to that, Administrative Law Judge Bullock was an Administrative Law Judge at the EPA and FERC. [*See* Kenworthy Decl., ¶ 7 and Ex. D].

10

History support such a proposition. To the contrary, allowing Tillotson to obtain a stay based on its belated filing of a Complaint in the ITC would be wholly inconsistent with Congressional intent in enacting 28 U.S.C. § 1659.

In November 1989, the General Agreement on Tariffs and Trade (GATT) adopted a dispute settlement report that found that ITC investigation procedures were inconsistent with the national treatment rule because they treat imported goods less favorably than the procedures that District Courts apply to domestic goods in infringement proceedings. H. R. Rep. No. 103-826(I) (1994) *reprinted in* 1994 U.S.C.C.A.N. 3773, 3912. In particular, the panel found, *inter alia*, that importers and producers of imported products may have to defend claims in both the ITC and in District Court, possibly at the same time, whereas infringement claims against domestic goods can be heard only in District Court. *Id.* In order to rectify this disparate treatment, 28 U.S.C. § 1659 was enacted so as to give importers and producers of imported goods, the ability, **at their election**, to preclude two parallel proceedings, and there is a short window within which to exercise that right. *Id.* at 3913.

Here the importers of goods **do not want** to have the declaratory judgment actions, which they instituted to remove the cloud over their gloves, derailed by the belated ITC investigation initiated by Tillotson. Application of the national treatment rule which underlies 28 U.S.C. § 1659 should result in the denial of Tillotson's requested stay, because Tillotson would not be able to use the pendency of ITC proceedings to derail an earlier declaratory judgment action filed by a supplier of domestic gloves. A stay of a District Court proceeding (pending completion of an ITC proceeding) at the patentee's request and over the respondents' objections is not only inconsistent with the policies giving rise to 28 U.S.C. § 1659, but also is inconsistent

11

with the bedrock precept that cases be administered "to secure the just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1.

## CONCLUSION

For all the foregoing reasons, plaintiffs Ansell Healthcare and Ansell Protective Products respectfully request the Court to (1) deny Tillotson's motion for a stay; and (2) grant plaintiffs' leave to file within ten (10) days hereof a motion for summary judgment as to the invalidity of the '616 patent on the grounds set forth herein.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika
_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
mnoreika@mnat.com
(302) 658-9200

*Attorneys for Plaintiffs*
*Ansell Healthcare Products LLC and*
*Ansell Protective Products Inc.*

*Of Counsel:*

Thomas B. Kenworthy
David W. Marston, Jr.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000

July 26, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TILLOTSON CORPORATION, )<br>)<br>Defendant. )<br>_____) | C.A. No. 06-527 (JJF) |
| ANSELL PROTECTIVE PRODUCTS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TILLOTSON CORPORATION, )<br>)<br>Defendant. ) | C.A. No. 07-93 (JJF) |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant Tillotson Corporation's Motion To Stay Proceedings Pending The Outcome Of The International Trade Commission's Investigation, and the response thereto, it is hereby ORDERED THAT:

(1) The motion is DENIED; and that

(2) Ansell Healthcare and Ansell Protective Products may file a motion for summary judgment as to the invalidity of the '616 patent within ten (10) days hereof.

BY THE COURT:

_____
United States District Judge

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on July 26, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

> Richard L. Horwitz, Esquire
> Kenneth L. Dorsney, Esquire
> Potter Anderson & Corroon LLP

I further certify that copies of the foregoing document were also served upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Richard L. Horwitz, Esquire
Kenneth L. Dorsney, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 N. Market Street
Wilmington, DE  19801

### BY ELECTRONIC MAIL and FIRST CLASS MAIL

Anthony B. Askew, Esquire
Katrina M. Quicker, Esquire
King & Spalding
1180 Peachtree Street, N.E.
Atlanta, GA  30309

_____
Maryellen Noreika
mnoreika@mnat.com